### PETER DOOLEY *vs.* JOHN C. WOLCOTT.

After proof from the records in the clerk's office of the recovery of a judgment and the is suing of an execution thereon, the contents of the execution and of the officer's return showing a levy thereof upon land may be proved by a copy from the records in the registry of deeds, if the execution has been lost after having been duly returned.

If the agent or attorney of a judgment debtor neglects, upon notice, to appoint an appraiser, the officer may appoint one for him, and the officer's return is conclusive evidence that a person therein named as such agent or attorney is such in reality; and in setting forth the appointment of two appraisers by the officer, in consequence of the neglect of the agent or attorney of the judgment debtor, upon notice, to appoint one, it is unnecessary to mention which of them was appointed in behalf of the judgment debtor.

One who has taken and still relies upon a conveyance of land from a company which assumed in giving it to act as a corporation, cannot deny their legal existence as a corporation in an action against him to recover possession of the land by another person who has attached the same in an action against the company as a corporation, prior to the recording of the deed, and has subsequently levied his execution thereon.

Proof of open occupation, possession and cultivation of land by one who has an unrecorded deed thereof is not sufficient to warrant the inference that a third person has actual notice of such deed.

WRIT OF ENTRY to recover a piece of land in Cheshire.

At the trial in the superior court, before *Rockwell,* J., the demandant claimed title to the premises under the levy of an execution thereon which issued upon a judgment recovered by him upon certain promissory notes against the Cheshire Glass Company, " a company or corporation late doing business in Cheshire," at October term of the superior court 1860, the attachment thereof upon the writ having been made on the 24th of

April, 1858. The record of the judgment having been put in, the demandant offered in evidence a copy of the record of the execution and officer's return thereon, showing that the demanded premises were levied upon and set off to the demandant thereon, certified by the register of deeds. This was objected to, and thereupon the demandant offered evidence that the execution was duly returned into the clerk's office after having been recorded in the registry of deeds, but could not now be found. The copy was then admitted.

The officer's return upon the execution showed that one of the appraisers was appointed by the creditor, and two by the officer, "John C. Wolcott, agent or attorney of the within named Cheshire Glass Company having been duly notified and neglecting to choose an appraiser." The tenant objected that the levy was invalid, because it did not appear that the Cheshire Glass Company had been notified or had neglected to appoint an appraiser, or which of the two appraisers appointed by the officer was for the judgment debtors; but the objection was overruled.

The demandant then offered in evidence a copy of a deed from Franklin Bliss to the Cheshire Glass Company; which was objected to on the ground that it did not appear that the Cheshire Glass Company was a corporation. Evidence was thereupon introduced tending to prove that the company was a corporation, and evidence was also introduced in reply, tending to show the contrary; and this question was submitted to the jury.

The defendant claimed title to the premises under a deed of Franklin Bliss to him and Anson P. Beebe, dated July 31, 1855, and a deed of the Cheshire Glass Company to him and Norman Cotton, dated June 16, 1856, neither of which was recorded till after the demandant's attachment and levy. In order to prove that the demandant had notice of the tenant's title under these deeds, evidence was introduced tending to prove that the tenant was in the open occupation and possession of the premises. And the tenant requested the court to instruct the jury that if from all the circumstances proved the demandant had reasonable cause to believe that he was in possession of the premises

as owner in fee, and if the demandant had such reason to believe him to be the owner as would render an attempt to obtain the title either by purchase or attachment dishonest and in bad faith, then the demandant had such notice as would in law be regarded as actual notice. The judge declined so to rule, and instructed the jury in effect that it was incumbent on the tenant to prove that the demandant had actual notice, but the circumstances proved were competent for their consideration in determining this question.

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*J. C. Wolcott, pro se.*

*M. Wilcox,* for the demandant.

DEWEY, J. 1. The best evidence of the execution and levy of the same would usually be that found in a certified copy from the clerk's office. But upon satisfactory proof of the loss of such paper after having been duly returned, it would be competent and would furnish the next best evidence to produce from the office of the registry of deeds full copies of the execution and levy and return, as there duly recorded under the requirements of law. The judgment had been duly proved by the copy attested by the clerk of the court.

2. The notice to the debtors of the levy and request to appoint an appraiser, is duly shown by the return of the officer. The certificate of the officer is that John C. Wolcott, agent or attorney of the Cheshire Glass Company, having been duly notified, neglected to choose an appraiser.

In the case of *Chappell* v. *Hunt,* 8 Gray, 427, such a return by the officer was held conclusive against the debtor, even when the objection was taken by himself. The judgment debtor in that case, for the purpose of defeating the levy, proposed to show by oral evidence that no appraiser was chosen by himself, that no notice was given to him to appoint one, and that the person described in the return was not his attorney, and had no authority to act for him. But the court held that the appointment of an appraiser was duly made; that an appointment by the authorized agent of the debtor was equivalent to an

Dooley *v.* Wolcott.

appointment by the debtor himself; and that the return of the officer was conclusive on the point of the authority of the person as agent. Nor is the levy invalid because the officer, after reciting the appointment of two of the appraisers by himself, and the cause for the same as above stated, did not specify which of the two he appointed particularly in behalf of the debtor This, we believe, is usually specified in the return ; but it cannot be of the least practical consequence. The duty of the appraiser is the same in either case, and all objections to the appointment are equally open to the debtor.

3. As to the objection that the Cheshire Glass Company was not a legally organized corporation, we think that upon the case, and the issues properly raised thereon upon the admitted facts, such an objection could not avail the tenant. As to the alleged corporation itself it would be quite enough to show an assumed organization, the carrying on of business, and giving the notes upon which the demandant's judgment was rendered, if they had sought to deny the validity of the levy. It being shown that the Cheshire Glass Company had received a conveyance of the premises as grantees under that name before either of the parties had any claim thereto, and it further appearing that the tenant himself took a conveyance from them as a corporation, and that he now relies upon such conveyance as valid, although the demandant alleges that it does not secure to him a prior title, for want of registry before the demandant's attachment, this ground of defence cannot avail the tenant. The submission of this question to the jury, as to the existence of such corporation, as the result was in accordance with this view, furnishes no ground for a new trial, although the matter might be supposed to present a question of law rather than of fact.

4. Upon the question of notice to the demandant of the tenant's prior unrecorded deed, and as to the right of the tenant to maintain his title thereby, the court properly instructed the jury. Evidence of open occupation, possession and cultivation of land by a party who has an unrecorded deed thereof, is not sufficient to warrant the inference that a third person had actual notice of

such deed. *Pomroy* v. *Stevens*, 11 Met. 244. *Mara* v. *Pierce,* 9 Gray, 307. *Parker* v. *Osgood*, 3 Allen, 489.

*Exceptions overruled.*